**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicole Vance, <br>     Plaintiff, <br> v. <br> Commissioner of Social Security Administration, <br>     Defendant. | No. CV-17-2795-PHX-DMF <br><br> **ORDER** |

Plaintiff Nicole Vance appeals from the denial of her application for benefits from the Social Security Administration. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and, with the parties' consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c). As detailed below, the Court concludes that further administrative proceedings would be useful and therefore remands this matter.

## Standard of Review

This court must affirm the ALJ's findings if they are supported by substantial evidence and are free from reversible error. *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence is more than a mere scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining whether substantial evidence supports the ALJ's decision, the court considers the record as a whole, weighing both the evidence that supports and that which

detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Thus, the Court must affirm the ALJ's decision where the evidence considered in its entirety substantially supports it and the decision is free from reversible error. 42 U.S.C. § 405(g); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).

## Background

Vance was 34 years old on her alleged amended onset date. (Tr. 47, 50) She has two associate degrees and her last job as an office manager ended when the company shut down. (Tr. 50-53) In his opinion, the ALJ found that Vance had the following medically determinable impairments: 2 mm aneurysm located in the brain, migraine headaches, bipolar disorder, fibromyalgia, asthma, GERD, anemia, and generalized anxiety disorder. (Tr. 15) However, the ALJ found that Vance did not have any severe impairments or combination of impairments. As relevant here, the ALJ assigned no weight to three opinions from two of Vance's treating sources, no weight to the State agency's medical consultants' opinions, and great weight to the opinion from the physical consultative exam. (Tr. 19-20) As a result, the opinion's analysis concluded at step two of the usual five step process. (Tr. 15-25) As a result, the ALJ concluded that Vance was not disabled. (Tr. 15-26)

## Analysis

On appeal, Vance argues that the ALJ's conclusion that she did not have any severe impairments was incorrect as a matter of law and that the ALJ should have found that her migraines were disabling and should not have rejected her symptom testimony and the medical source opinions. (Doc. 20 at 11-25) The Court agrees.

Vance first argues that the ALJ should have found her medically determinable impairments to be severe and proceeded to complete the rest of the five step process. (Doc. 20 at 11-13)

> [T]he step-two inquiry is a de minimis screening device to dispose of groundless claims. *Bowen v. Yuckert*, 482 U.S. [137,], 153–54[]. An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individuals ability to work.' *See* SSR 85–28; *Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28).

*Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Vance, her husband, several of her treating providers, and the agency's evaluative reviewers all opined that she had some limitations. In other words, on this record, the Court cannot agree that her claims were "groundless." The ALJ did not find that she was malingering and the Court agrees with Vance that her alleged medically determinable impairments were, collectively, more than slight and had more than a minimal effect on her ability to work. Accordingly, the Court concludes that the ALJ should have continued the analysis past step two.

Vance also argues that the ALJ opinion did not provide sufficient justification for providing no weight to the majority of the medical opinions in the record.[1] The Court agrees. When dismissing these opinions, the ALJ was "require[d to provide] specific and legitimate reasons based on substantial evidence in the record." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). Instead, the opinion repeatedly cited to the "overall record" without deigning to provide specific citations for review.

**Remand**

The decision to remand a case for additional evidence or for an award of benefits is within the discretion of this court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). Here, the Court concludes that remand is appropriate because, as detailed above, the record has not been fully developed.[2]

---

[1] The Court agrees with the ALJ's conclusion that one document appears to have been completed by Vance, not her physician. (Tr. 20, 396) Because this matter will be remanded for further proceedings, the Court will not address the implications of this.

[2] On remand, the record will be open and other inconsistencies in Vance's testimony can be addressed. *Compare* Tr. 48 (Vance's December 3, 2015 testimony that she has no children), Tr. 62 (Vance's testimony that she hasn't tried to get pregnant since 2012, feels she is too old to try, and that her migraines are too severe to parent) *with* Tr. 1002-1062 and Tr. 933-36 (medical records documenting her pregnancy), Tr. 1214 (October 5, 2015 medical note stating Vance had a baby recently), Tr. 1211 (November 2, 2015 medical note that her baby was sleeping more). *See also* Tr. 1129-30 (May 2015 visit to pain clinic where Vance denies she is pregnant), Tr. 1021 (pain clinic notified

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner is vacated and this matter is remanded to the Commissioner for further proceedings consistent with this Order. The Clerk of the Court shall enter judgment accordingly.

Dated this 11th day of September, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge

---

OB/GYN that Vance had denied being pregnant and had received dilaudid), Tr. 935 (May 2015 visit to behavioral health provider where Vance acknowledged pregnancy).